UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RONALD K. AMEND                              CIVIL ACTION NO. 07-0718

versus                                       JUDGE HICKS

USA                                          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Ronald K. Amend ("Plaintiff") filed this civil action against the United States. Plaintiff alleges that he became properly registered as a National Firearms Act ("NFA") dealer and manufacturer. Complaint ¶ 4. In December of 2005, Plaintiff was asked to come to the office of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for a meeting. ¶ 5. Plaintiff was allegedly threatened at the meeting that he would be indicted, prosecuted and imprisoned if he did not immediately sign a document that was placed in front of him. Plaintiff felt threatened and intimidated, so he signed the document, which purported to be a voluntary surrender of Plaintiff's NFA licenses. ¶¶ 6-18. Plaintiff asserts that the document was procured by the government through fraud, error and duress. ¶¶ 9-13. Plaintiff prays that the court issue a declaration to that effect.

The United States responded to the complaint with a Motion to Dismiss (Doc. 4) based on its sovereign immunity. "Except when waived, the United States has sovereign immunity from suit." Bodin v. Vagshenian, 462 F.3d 481, 484 (5th Cir. 2006). "Congress sets forth the terms of those waivers and courts may not exercise subject matter jurisdiction over a claim against the federal government except as Congress allows." Wilkerson v. U.S.,

67 F.3d 112, 118 (5th Cir. 1995). "Waivers of sovereign immunity must be strictly construed." Id.

The government's motion points out that Plaintiff's complaint failed to identify any statute enacted by Congress that waives the United States' immunity for the claim asserted and remedy requested by Plaintiff, and the government denies that any such statutory waiver exists. Plaintiff's complaint alleged, with respect to jurisdiction, only that: "This court has jurisdiction by virtue of the United States of America being a defendant." That is not correct because the court lacks jurisdiction if the United States is a defendant but has sovereign immunity from the claims asserted. Wilkerson, supra. Plaintiff was given another opportunity to cite a basis for jurisdiction when the clerk of court issued a notice that permitted Plaintiff 15 days to file a memorandum in opposition to the government's motion to dismiss. It has been more than a month since that deadline passed, but Plaintiff has filed nothing in response to the motion to dismiss.

Plaintiff must satisfy his burden, as the party invoking the court's jurisdiction, to show that Congress has enacted a statute under which the sovereign has consented to be sued and that this suit is brought in exact compliance with the terms of that statutory consent. Lundeen v. Mineta, 291 F.3d 300, 304 (5th Cir. 2002) (party asserting federal jurisdiction has the burden of identifying a waiver of sovereign immunity). Plaintiff has not pointed to an act of Congress that waives sovereign immunity for the claims Plaintiff asserts in his complaint, so he has not satisfied his burden. The court lacks subject matter jurisdiction to hear

Plaintiff's complaint.[1]

Accordingly,

**IT IS RECOMMENDED** that the United States' **Motion to Dismiss (Doc. 4)** be **granted** and that this civil action be **dismissed** for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

---

[1] Plaintiff, Mr. Amend, is the defendant in U.S. v. Amend, 06 CR 5013 (W.D. La.), where he is charged with firearms offenses. Some of the charges stem from Mr. Amend allegedly engaging in certain firearms related activity without a valid NFA license. Thus, this civil action to declare void Mr. Amend's surrender of his NFA licenses has the potential to produce a ruling that would impact the validity of pending criminal charges. The rule of Heck v. Humphrey, 114 S.Ct. 2364 (1994) does not prevent a civil action that may impugn an anticipated *future* conviction, but if a plaintiff files a claim "related to rulings that will likely be made in a pending or anticipated criminal trial," then "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kaylo, 127 S.Ct. 1091, 1098 (2007). The court need not consider such a stay in this case, due to Plaintiff's failure to establish a basis for subject matter jurisdiction, but a stay might well be appropriate if there were jurisdiction over this civil action.

recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 10th day of August, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE